The opinion of the court was delivered by
Green, C. J.
The well-settled rule in equity that an executor, administrator, guardian or trustee cannot directly or indirectly become a purchaser at his own sale, has not been called in question. The rule is firmly established. It rests upon clear principles. It is dictated by obvious considerations of policy. It is essential to guard at once the trustee-from temptation, and the cestui que trust from the consequences of fraud and injustice. It is uniformly held in courts-of equity that the trustee will not be permitted to derive-benefit from a purchase thus made, but that the deed will bo avoided at the instance of the cestui que trust. In this state it has been held not only that the deed may be avoided in equity, but that as against the cestui que trust it will be treated as void in a court of law. The doctrine obtains not only where the trustee has been guilty of actual fraud, but *799 also in cases of construction or equitable fraud resulting from the mere purchase by the trustee of the estate of the cestui que trust, without regard to the bona fides or mala fieles of the transaction.
It was earnestly insisted upon in argument, on the part of the appellant, that the rule at law, as adopted in this state, is inconsistent, not only with the practice of courts of law elsewhere, but with sound principle. If it were so, it would not be in accordance with the practice of a court of equity, in administering relief, to proceed upon the ground that a legal principle, long established in courts of law, was erroneous; nor could such a conclusion be of any avail to the appellant in this cause. He seeks relief in equity upon the very ground that at law his deed will be avoided. This constitutes, in fact, the equity of his bill. Without it his relief would be complete at law, and he would have no standing in a court of equity. This bill must necessarily be dismissed.
Nor is it designed to intimate an opinion, that sitting even as a court of common law this court would be disposed to unsettle the rule that a deed made by an executor or trustee directly or indirectly to himself, may be avoided at law as well as in equity. No inconvenience has arisen, nor is it perceived that any will necessarily result from the practice. Sound policy requires that not the slighest encouragement should be given to the practice of trustees dealing in the estate of their cestuis que trust.
The rule at law, however, is not that the deed is absolutely void. Such expressions have no doubt been used by courts, but clearly without regard to critical accuracy. The extent of the doctrine is that the cestui que trust may avail himself of the objection at law, and is not necessarily driven to equity for relief. The deed is not absolutely void. It is good unless the cestui que trust elect to avoid it.
Admitting the doctrine of the courts of law in its fullest extent, the trustee, in case the deed be avoided, may be entitled to equitable relief. It is true that a court of law cannot adjust equities and administer relief upon equitable principles, but for that very reason the doors of a court of *800 equity ought not to be barred against him. Courts of law never have decided that the trustee should lose the land and the purchase money also ; that the eesqui. que trust should recover the land and retain the price paid for it. They have simply avoided the purchase, and left the parties to resort to equity for relief; any other doctrine would convert a rule designed for the suppression of fraud into an instrument of fraud. In case, then, the eestuis que trust attempt at law to recover the estate purchased by the trustee, he may come into equity for relief. Whether he be or be not entitled to relief will necessarily depend upon the character and circumstances of the transaction.
Nor is the relief sought by the complainant obnoxious to the objection urged by the respondent that a court of equity will never relieve a party against his own fraudulent act. The complainant is not seeking to avoid his contract, or asking to be protected against its consequences. The eestuis que trust seek in a court of law to avoid the contract, and recover the premises conveyed to the trustee. He asks that they may be restrained from recovering the possession of the premises, until they repay the money actually advanced, and the equities between them be adjusted. In other words, he asks the relief to which he would clearly have been entitled had the eestuis que trust sought to avoid the deed in equity, and not at law. Nothing can be clearer than that the equities subsisting between the trustee and cestui que trust cannot depend upon the tribunal in which relief is sought, and that the equity of the trustee should not be defeated by the eestuis que trust resorting to law rather than equity for . relief. Though a court of law be incompetent to administer relief, the arm of a court of equity is not thereby shortened.
If the cause is retained .for the purpose of final relief in equity, nothing can be gained by permitting the party to proceed with the action at law. The question of actual fraud-cannot be tried in that suit. The jury will be instructed, in case it appear that the administrator was a purchaser at his own sale, whether he be guilty of actual fraud or not, that their verdict must be for the plaintiff. The proper mode of *801 taking the verdict of a jury upon the question of actual fraud, if that be desirable, would be by an issue at law. The injunction, therefore, should be continued till the cause is finally settled in equity.
Ho opinion can now with propriety be expressed upon the merits of the case. The appeal is solely from that part of the decree dissolving the injunction. From the residue of the decree there is no appeal. Indeed, the merits of the case do not appear to have been at all considered — certainly not decided upon by the Chancellor. This court, therefore, cannot decide upon them.
The necessary parties, moreover, are not before the court, to warrant a final decree. Only two of the heirs are made parties to the bill.
The order dissolving the injunction must be reversed, the injunction continued till the further order of the court, and the cause remitted to the Court, of Chancery to be proceeded in according to the rules and practice of that court.
Decree accordingly.
Cited in Obert v. Obert, 2 Stockt. 103; Holcomb v. Holcomb’s Ex’r, 3 Stockt. 287; Wortman v. Skinner, 1 Beas. 390; Huston v. Cassedy, 2 Beas. 230; Howell v. Sebring, 1 McCar. 90; Booraem v. Wells, 4. C. E Gr. 97.